UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUL 2 4 2018

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

| | |
|---|---|
| IN THE MATTER OF APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND CALLER IDENTIFICATION FEATURE FOR CELLULAR CALL NUMBER 681-242-9659 | UNDER SEAL<br><br>MISC NO. 3'18mc83 |

## APPLICATION

Lara K. Omps-Botteicher, an Assistant United States Attorney for the Northern District of West Virginia and an attorney of the United States Department of Justice, hereby applies to the Court for an Order authorizing: 1) the installation and use of a pen register and caller identification/caller identification deluxe feature, pursuant to 18 U.S.C. §§ 3122 and 3123; 2) the receipt of call records and subscriber information, pursuant to 18 U.S.C § 2703; and 3) an order sealing this matter, the application, affidavit, and order. The requested Application relates to the telephone line presently assigned telephone number **681-242-9659** (the "**TARGET TELEPHONE**") with service provided by Sprint (the "Telecommunications Provider") and believed to be used by and self-identified as being used by JESSICA NICHOLSON (hereinafter referred to as "NICHOLSON"). It is the request of the applicant that the order authorizing the installation and use of the device(s) apply not only to the presently assigned number and line but to any subsequent number or line assigned to replace the original number or line. In support of this application the following is stated and certified:

1. Applicant is an "attorney for the Government" as defined in Rule 54(c) of the Federal Rules of Criminal Procedure, and therefore, under 18 U.S.C. §§ 2703(d) and 3122(a),

1

may apply for an Order authorizing the installation and use of a pen register and caller identification/caller identification deluxe feature.

2. Applicant certifies that the Federal Bureau of Investigation (the "FBI"), West Virginia State Police, Eastern Panhandle Drug and Violent Crimes Task Force (the "Task Force"), and the Nebraska State Patrol are conducting an investigation of a conspiracy to traffic narcotics in violation of 21 U.S.C. §§ 841 and 846 by JESSICA NICHOLSON.  Law enforcement officers believe that the **TARGET TELEPHONE** is being and will continue to be used in furtherance of the subject offenses and that the information likely to be obtained from the pen register and caller identification/caller identification deluxe feature is relevant and material to the ongoing criminal investigation.

a. Task Force investigators believe that NICHOLSON is using the **Target Telephone number 681-242-9659** to communicate with others, regarding illegal drug trafficking.

b. Investigators have researched the subscriber information for the **Target Telephone number 681-242-9659** and determined that Sprint is providing cellular phone service to the **Target Telephone number 681-242-9659**.

c. Further, investigators know that persons engaged in illegal activities, specifically drug trafficking, use cellular telephones to coordinate with suppliers, customers, and co-conspirators and frequently switch phones to evade law enforcement.  Investigators further believe that NICHOLSON uses the **Target Telephone number 681-242-9659** to coordinate drug trafficking activities with others.

2

3. Applicant requests, pursuant to 18 U.S.C. §§ 3122 and 3123, that this Court issue an Order authorizing and extending the following for a period of forty-five (45) days from the date of authorization:

    a) the installation and use of a pen register to register numbers dialed or pulsed from the Target Telephone to record the date and time of such pulsing or recordings, and the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; and

    b) the installation and use of a caller identification/caller identification deluxe feature to capture the incoming electronic impulses from all area codes without geographic limitation to the Target Telephone that identify the originating number of an instrument or device from which a wire communication is transmitted.

4. Applicant further requests, pursuant to 18 U.S.C. § 2703(d), that the Court issue an Order directing that the Telecommunications Provider and any other telecommunications related carrier provide the Agency with:

    a) subscriber and billing information (including any and all special features) for any numbers dialed and pulsed from and to the Target Telephone for a period of forty-five (45) days from the date of this order.

5. Applicant further requests that the Order direct the Telecommunications Provider to furnish the information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register and caller identification/caller identification deluxe feature, with reasonable expenses incurred in providing such facilities and assistance to be compensated by Federal Bureau of Investigation-Pittsburgh.

WHEREFORE, it is respectfully requested that the Court grant an Order for a period of forty five (45) days:

    a) directing the Telecommunications Provider and any other telecommunications related carrier to provide the Federal Bureau of Investigation, Eastern Panhandle Drug and Violent Crimes Task Force, West Virginia State Police, the

|     |     |
| --- | --- |
|     | Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol with subscriber information (published, non-published and unlisted) for the telephone numbers dialed from or to the Target Telephone; |
| b)  | authorizing the installation and use of a pen register to record numbers dialed or pulsed from the above-referenced telephone number to record the date and time of such pulsing or recordings, and the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; |
| c)  | authorizing the use of a caller identification/caller identification deluxe feature to capture the incoming electronic impulses to the above-referenced number that identify the originating number of an instrument or device from which a wire communication is transmitted; |
| d)  | directing the Telecommunications Provider and any other telecommunications related carrier to provide the agents of the Federal Bureau of Investigation, West Virginia State Police, Eastern Panhandle Drug and Violent Crimes Task Force, Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol, forthwith, all information, facilities and technical assistance necessary to accomplish the installation and use of the devices unobtrusively and with a minimum of interference to the service presently accorded persons whose dialings or pulsing are the subject of the pen register and caller identification/caller identification deluxe feature; |
| e)  | directing that the Telecommunications Provider shall not disclose the existence of the pen register, the caller identification/caller identification deluxe feature, or the existence of the investigation to the listed subscriber, or to any other persons unless or until otherwise ordered by the Court. |
| f)  | sealing this matter until further order of the Court; and directing that a certified copy of this Order and Application be provided by the Clerk of the Court to the United States Attorney's Office, and authorizing the United States Attorney's Office to provide a copy of this Order and Application to the Federal Bureau of Investigation, West Virginia State Police, Eastern Panhandle Drug and Violent |

        Crimes Task Force, Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol.

I certify under penalty of perjury that the foregoing is true and correct.

        Executed this 24th day of July, 2018.

        <u>/s/ Lara K. Ompsbotteicher</u>
        Lara K. Ompsbotteicher
        Assistant United States Attorney